# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| ELDERBERRY OF WEBER CITY, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> LIVING CENTERS – SOUTHEAST, INC., ET AL., <br><br> *Defendants.* | CASE NO. 6:12-cv-00052 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant Mariner Health Care, Inc.'s motion for certification of interlocutory appeal under 28 U.S.C. § 1292(b). For the following reasons, I will deny the motion.

## I. BACKGROUND

Plaintiff Elderberry of Weber City, LLC ("Elderberry") filed this action alleging one count of breach of a lease agreement against Living Centers – Southeast, Inc. ("Living Centers); FMSC Weber City Operating Company, LLC; and ContiniumCare of Weber City, LLC ("Continium") (collectively, the "Continium Defendants"), and a separate count for breach of contract against Mariner Health Care, Inc. ("Mariner"). Elderberry owns property in Weber City, VA, on which the Continium Defendants at various times separately operated a long-term skilled nursing facility pursuant to a lease agreement. In 2006, Elderberry and Living Centers signed an amendment to the lease in which they agreed that Living Centers could assign the lease to Family Senior Care Holdings, LLC or any of its subsidiaries or affiliates, provided that

Mariner guarantee the obligations of the assignee. At the time the parties signed the lease amendment, Boyd Gentry, Executive Vice President and Chief Financial Officer of Mariner, signed a document entitled "Lease Guaranty" (the "Guaranty"), which was attached as an exhibit to the lease amendment.[1]

Continium stopped paying rent to Elderberry in March 2012, and no entity has paid rent since then. Elderberry sent a letter to Living Centers, Continium, Mariner, and The Bernstein Law Firm on August 15, 2012, demanding payment of past-due rent and notifying all parties that if Elderberry did not receive payment within seven days of the notice, Elderberry would terminate the lease and pursue remedies in court if necessary. On August 24, 2012, Elderberry sent another letter to the same four recipients terminating the lease. A week later, on August 31, 2012, Mariner filed a declaratory judgment action against Elderberry in the U.S. District Court for the Northern District of Georgia, seeking a declaration that the Guaranty is void under Georgia law. On September 27, 2012, Elderberry moved to dismiss the Georgia action and filed the instant action in this Court the same day.

Mariner responded to Elderberry's complaint on November 2, 2012, by filing a motion to dismiss, stay, or transfer this case to the Northern District of Georgia. After completion of briefing on that motion, Mariner filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) on January 10, 2013.[2] The parties submitted further briefing on the personal jurisdiction issue, and on March 20, 2013, I denied Mariner's motion to dismiss for lack of personal jurisdiction, holding that Mariner had waived the personal jurisdiction defense by failing to raise it in its first motion to dismiss. Mariner now

---

[1] Gentry also signed the lease amendment on behalf of Living Centers in his capacity as Vice President of that entity.
[2] Oral argument on the first motion was originally scheduled for January 7, 2013—three days before Mariner filed its 12(b)(2) motion—but was postponed one week to January 14, 2013, at the request of Mariner's counsel.

requests that I certify for interlocutory appeal the following issue: "whether a defendant filing a motion to transfer or stay waives any and all rights to object to personal jurisdiction."[3]

## II. DISCUSSION

The procedure for appealing interlocutory orders of a district court is governed by 28 U.S.C. § 1292(b), which provides, in pertinent part, as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

Thus, courts have recognized that "leave to file an interlocutory appeal should be granted only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) immediate appeal would materially advance the termination of the litigation." *Univ. of Va. Patent Found. v. Gen. Elec. Co.*, 792 F. Supp. 2d 904, 909 (W.D. Va. 2011); *see also Terry v. June*, 368 F. Supp. 2d 538, 539 (W.D. Va. 2005); *Lovelace v. Rockingham Mem'l Hosp.*, 299 F. Supp. 2d 617, 623 (W.D. Va. 2004). The Fourth Circuit has characterized a "controlling question of law" as "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, at *5 (4th Cir. 1989) (per curiam) (unpublished). Finally, "[a]s an exception to the general rule that a party may appeal only a final judgment, interlocutory appeals under section 1292(b) are justified in circumstances that are limited and strictly construed." *Young v. Sheetz, Inc.*, 998 F. Supp. 670,

---
[3] I note that in framing the issue that it seeks to certify for interlocutory appeal, Mariner describes its first motion as a motion "to transfer or stay." However, Mariner captioned the motion itself as a motion to "dismiss, stay, or transfer," and devoted a significant part of its brief to discussion of why the case should be dismissed, not just stayed or transferred.

672–73 (W.D. Va. 1998) (citing *Matterhorn, Inc. v. NCR Corp.*, 727 F.2d 629, 633 (7th Cir. 1984)); *see also Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989).

I find that the issue Mariner wishes to certify for appeal is not a controlling question as that term has been described by the Fourth Circuit, and I also find that granting Mariner's motion would not materially advance the termination of the litigation. Resolution of the question whether Mariner waived its objection to personal jurisdiction by failing to raise it in its motion to dismiss, stay, or transfer would not be "completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." Regardless of how the Fourth Circuit might decide the issue, this Court would still have to decide the merits of the case. On the one hand, if the Fourth Circuit were to find that Mariner had not waived its personal jurisdiction objection, such a decision would not be completely dispositive of the personal jurisdiction issue raised by a single defendant, let alone the entire case; this court would still have to decide whether Mariner is subject to personal jurisdiction in this district.[4] On the other hand, if the Fourth Circuit were to agree with this Court and find that Mariner did waive its personal jurisdiction objection, then the interlocutory appeal would have served only to further delay the resolution of this matter, which has already been delayed by Mariner's decision to file separate motions to dismiss. Thus, regardless of the outcome of an interlocutory appeal, granting Mariner leave to appeal at this stage would not dispose of the case or save resources, but rather would prolong the case without

---

[4] Although I decided that Mariner has waived its objection to personal jurisdiction and I need not revisit that issue now because I find that Mariner has not met the high standard required by 28 U.S.C. § 1292(b), I note that I find it very hard to believe that Mariner is not subject to personal jurisdiction in this district. Plaintiff has alleged that Mariner agreed to guarantee a lease involving the operation of a long-term skilled nursing facility licensed by a Virginia state agency and located on Virginia real property owned by a Virginia LLC. I find it particularly telling that although Mariner claims that the Guaranty would not be sufficient to subject it to personal jurisdiction in Virginia, the company asserts that the same Guaranty would be sufficient to subject Elderberry to personal jurisdiction in Georgia, despite the fact that the only apparent connection to Georgia is that Mariner is based in that state, and Gentry allegedly signed the documents there.

materially advancing the termination of the litigation.[5] In sum, I find that Mariner has failed to meet the strict requirements for certification of interlocutory appeal set forth by 28 U.S.C. § 1292(b).

### III. CONCLUSION

For the foregoing reasons, I will deny Mariner's motion for certification of interlocutory appeal. An appropriate order accompanies this memorandum opinion.

The Clerk of the Court is hereby directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this __5th__ day of April, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[5] Imposing a delay to address the waiver issue would be particularly inappropriate in this case and with respect to this issue. As I noted in my opinion denying Mariner's motion to dismiss for lack of personal jurisdiction, the purpose of Rule 12's consolidation requirements is to avoid exactly this type of dilatory piecemeal litigation.