IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| ELDERBERRY OF WEBER CITY, LLC, | ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| LIVING CENTERS—SOUTHEAST, INC., et al., Defendants. | ) ) ) ) ) |

CASE NO. 6:12-CV-00052

MEMORANDUM OPINION

Living Centers – Southeast, Inc. ("Living Centers"), FMSC Weber City Operating Company, LLC ("FMSC"), ContiniumCare of Weber City, LLC ("ContiniumCare"), and Mariner Health Care, Inc. ("Mariner") (collectively, "Defendants") have filed objections to a Report and Recommendation ("R&R") issued by United States Magistrate Judge Robert S. Ballou, recommending that I award Elderberry of Weber City, LLC ("Elderberry," or "Plaintiff") a total of Two Hundred Seventy-Eight Thousand, Eight Hundred Sixty-Four and 12/100 Dollars ($278,864.12) in attorneys' fees and expenses. Plaintiff's response reiterated its initial request for an award of $329,089.57, and I construe its response as objecting to those portions of the R&R in which Judge Ballou reduced the fee award for block billing and copying costs. Having reviewed the R&R and the record, I will overrule all objections and adopt the R&R *in toto*. Accordingly, Plaintiff's Motion for Attorneys' Fees and Costs will be granted in part, and Plaintiff will be awarded $278,864.12 in attorney's fees and expenses.

I. FACTUAL AND PROCEDURAL HISTORY

I previously set forth the facts of this case in my memorandum opinion of September 6, 2013, awarding judgment to Elderberry. *See Elderberry of Weber City, LLC v. Living Centers – Southeast, Inc., et al.*, 971 F. Supp. 2d 575, 578-579 (W.D. Va. 2013).

[1]

In brief, Elderberry entered into a Lease Agreement (the "Lease") under which Living Centers agreed to operate a long-term skilled nursing facility located in Weber City in Scott County, Virginia. During the leasehold period, the parties agreed to expand the nursing home and negotiated an amendment to the Lease (the "Lease Amendment") to extend the lease term for ten years, with two additional five-year extension options. As part of the negotiations of the Lease Amendment, Elderberry consented to allow Living Centers to assign both the Lease and the Lease Amendment to FMSC and ContiniumCare. Elderberry agreed in the Lease Amendment to permit the assignment of the lease upon the express condition that Mariner, the parent company of Living Centers, execute a Lease Guaranty Agreement (the "Guaranty") at the time of the assignment. Living Centers subsequently assigned the Lease, including the Lease Amendment, to FMSC and ContiniumCare.

Defendants stopped paying rent to Elderberry in March 2012, and all operations of the facility ceased in August 2012. On August 24, 2012, Elderberry sent a letter to Defendants terminating the Lease. On August 31, 2012, Mariner filed a declaratory judgment action in the U.S. District Court for the Northern District of Georgia contending that the Guaranty was void under Georgia law, and thus that Mariner had no liability to Elderberry under the Lease or the Guaranty (the "Georgia Action"). On September 27, 2012, Elderberry filed a motion to dismiss the Georgia Action and filed this action, alleging that Defendants Living Centers, FMSC and ContiniumCare breached the lease agreement and that Defendant Mariner breached the Guaranty agreement. Defendants contested this action, contending that the Guaranty was not a legal and enforceable contract against Mariner, and that Living Centers did not properly assign the Lease to FMSC and ContiniumCare. Additionally, ContiniumCare filed a counterclaim against Elderberry for unjust enrichment.

The United States District Court for the Northern District of Georgia transferred the Georgia Action to this Court on July 15, 2013, for consolidation with the present action. I held a three-day bench trial, and on September 6, 2013, I entered judgment against all Defendants in favor of Elderberry on all counts, finding that the defendants Living Centers, FMSC and ContiniumCare had breached the Lease and that Mariner was liable for damages under the Guaranty. I awarded judgment in favor of Elderberry against all defendants for the full amount of damages sought.

Elderberry now seeks an award of $329,089.57 for attorneys' fees and expenses, based on 1,143.45 hours of work spent prosecuting and defending its rights under the Lease. Defendants concede that the Lease contains a valid attorney's fee provision, and that Elderberry is entitled to recover some amount of attorney's fees for its time prosecuting this action under the Lease. Defendants object to Elderberry's attorneys' fee claim on several grounds, and ask the Court to award Elderberry a reduced amount.

## II. STANDARD OF REVIEW

A district court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit . . . proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). "[A]ny party may serve and file written objections to such proposed findings and recommendations" within fourteen days after service. *Id.* at § 636(b)(1). The district court is then required to "make a de novo review of those portions of the report . . . to which objection is made." *Id.; see also* Fed. R. Civ. P. 72(b). For those portions of the R&R to which a party does not object, a district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident*

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's Note).

### III. DISCUSSION

The question of attorney's fees was referred to the Magistrate Judge, who recommended awarding Elderberry $278,864.12 in attorney's fees and expenses. Defendants objected, asserting that:

> (a) the Plaintiff failed to demonstrate that its attorney's fees and costs were reasonable, which burden lies squarely on the Plaintiff's shoulders, in part because Elderberry failed to provide expert testimony on its alleged attorney's fees and costs; (b) improperly 'block billed' its client; (c) engaged in ministerial and non-compensable tasks; (d) engaged in excessive and duplicative billing; (e) sought recovery in the Georgia Action, which fees are non-compensable; and (f) sought costs which should have been specifically excluded.

These objections are all made in a conclusory fashion, and in the section of Defendants' Objections captioned "Memorandum of Law," Defendants brief only objections (a) and (e).[1] Typically, the kinds of general objections Defendants present, other than the two briefed, fail to satisfy the requirements of Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1)(C). *See United States v. Midgette*, 478 F.3d 616, 621–22 (4th Cir. 2007) ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized . . . ."); *see also Veney v. Astrue*, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008) ("A general objection . . . fails to satisfy the requirements of Rule 72(b) and 28 U.S.C. § 636(b)(1)(C)"). Similarly, while Plaintiff argued that the Magistrate Judge's finding of overall reasonableness warranted a full award of fees, it did not make a "specific and particularized" objection to the reduction. *Id.* Out of an abundance of caution, however, I will conduct a de novo

---

[1] In a reply brief, Defendants clarified that it had only sought to make the two objections specifically argued, but then proceeded to reargue the issues that they had mentioned in their objections and that Plaintiff replied too. Thus, it appears that Defendants still consider those issues in dispute. Plaintiff has filed a motion to strike this reply brief. As I did not need to rely upon Defendants' brief in reaching my decision, I will deny this motion as moot.

[4]

review of all of these portions of the Magistrate Judge's R&R, treating all of the arguments presented by the parties as properly filed objections.

## A. Defendants' Objection to the Reasonableness of the Fee Award

Under Virginia law, "[a]n attorney who seeks to recover legal fees . . . must establish, as an element of the attorney's *prima facie* case, that the fees charged to the client are reasonable." *Seyfarth, Fairweather & Geraldson v. Lake Fairfax Seven, Ltd. P'ship*, 480 S.E.2d 471, 473 (Va. 1997). Virginia law ordinarily requires the party moving for its attorney's fees to provide an expert witness in support thereof. *See Mullins v. Richlands Nat'l Bank*, 403 S.E. 2d 334, 335 (Va. 1991). However, when other evidence sets forth the hourly billing rates, the nature of the legal services provided, the complexity of those services, and that the services were necessary and appropriate, expert testimony is not required. *Seyfarth*, 480 S.E.2d at 473.; *see also Tazewell Oil Co., Inc. v. United Virginia Bank/Crestar Bank*, 413 S.E. 2d 611, 621 (Va. 1992) (holding that expert testimony is not required where a plaintiff provides detailed time records and affidavits of attorneys regarding the reasonableness of rates). Plaintiff in this case provided "the attorneys' hourly billing rates, the nature of the legal services provided, the complexity of those services, and declarations by the manager of Elderberry and two of the billing attorneys that the fees sought were reasonable and necessary." After a de novo review of the evidence, I find that Plaintiff presented comprehensive and sufficiently detailed evidence regarding the reasonableness of its rates, and that expert testimony was therefore not required in this case.

Defendants presented evidence rebutting the time entries offered by Plaintiff, *and opposed the Magistrate Judge's suggestion for a supplemental evidentiary hearing on the question of fees*, arguing that "granting a subsequent evidentiary hearing would unnecessarily waste judicial resources and would be fruitless . . . such an evidentiary hearing would encourage

[5]

the kind of poor record keeping and shoddy motion practice that Plaintiff's engaged in herein." Given these arguments, it would strain credibility to conclude, as Defendants now object, that Plaintiff played a "game of hide-the-ball [that] prejudiced the Defendants" or that Defendants were not afforded an "ability to object to specific attorney's fees entries." Defendants had ample time to object to the reasonableness of Plaintiff's fee request and rejected an opportunity to further develop the evidentiary record, and so the objection is overruled. The fees awarded by the Magistrate Judge are reasonable.

### B. Objections to Block Billing

Generally, "fee claimants must submit documentation that reflects 'reliable contemporaneous recordation of time spent on legal tasks that are described with reasonable particularity,' sufficient to permit the Court to weigh the hours claimed and exclude hours that were not 'reasonably expended.'" *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006) (citing *EEOC v. Nutri/System, Inc.*, 685 F. Supp. 568, 573 (E.D. Va. 1988)). The burden is on claimants to present their fee requests in a reasonably particular manner, and "[l]umping and other types of inadequate documentation are thus a proper basis for reducing a fee award because they prevent an accurate determination of the reasonableness of the time expended in a case." *Guidry*, 442 F. Supp. 2d at 294. Block billing, perhaps the most common type of lumping, is "not prohibited . . . [but] simply does not provide the court with the sufficient breakdown to meet [the applicant's] burden to support its fee request in specific instances." *Project Vote/Voting for Am., Inc. v. Long*, 887 F. Supp. 2d 704, 716 (E.D. Va. 2012)).

When confronted with block billing, courts often reduce the fee award by a fixed percentage, striking a balance between the troubling lack of specificity block billing presents and the unfairness of denying an otherwise-properly-granted fee award altogether. *See Jones v.*

*SouthPeak Interactive Corp.*, 2014 U.S. Dist. LEXIS 91177, at *23 (E.D. Va. 2014) (observing that "[t]he traditional remedy for block billing is to reduce the fee by a fixed percentage reduction . . . . That approach provides a reasonable way to deal with . . . block billing"). Appropriate reductions often range from ten to twenty percent of the overall fee award requested. *See SunTrust Mortgage, Inc. v. AIG United Guar. Corp.*, 933 F. Supp. 2d 762, 778 (E.D. Va. 2013) (reducing the hours claimed by twenty percent due to practices like block billing); *Project Vote*, 887 F. Supp. 2d at 717 (reducing total fee by ten percent to account for block billing).

In this case, it is evident that Plaintiff engaged in block billing. For example, the Magistrate Judge stated that "[o]n July 24, 2013, attorney Knobbe billed 8.3 hours for a variety of tasks, including drafting a motion for sanctions, preparing an affidavit, compiling exhibits, reviewing a decision from Judge Moon, conferring with a client, and preparing for a hearing." While Plaintiff submitted evidence to support the general reasonableness of its fee request, it is not possible to ascertain the reasonableness of the time spent on each individual task from this kind of entry. A fixed percentage reduction is therefore the only way to account for this inadequate documentation without granting, as the Magistrate Judge put it, "Defendants an inappropriate windfall and allow[ing] them to avoid paying for legal work which was necessary in this case." After a de novo review of the time entries submitted by Plaintiff, I find that a fixed percentage reduction of the fee award is needed, and I concur with the Magistrate Judge that a fifteen percent reduction of the total amount of attorney's fees awarded is reasonable and appropriate.

### C. Defendants' Objection to a Fee Award for Ministerial Tasks

As a general matter, "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all." *Porter v. Colvin*, 2014 U.S. Dist. LEXIS 73384, at *4

(W.D. Va. 2014) (quoting *Chapman v. Astrue*, 2009 U.S. Dist. LEXIS 104428, at *3–4 (W.D. Va. 2009)). But certain tasks can be appropriately performed by either an attorney or a paralegal. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989) ("Much . . . work lies in a gray area of tasks that might appropriately be performed by an attorney or a paralegal"); *see also Spell v. McDaniel*, 824 F.2d 1380, 1401–02 (4th Cir. 1987) (affirming that "in some circumstances, it may be more efficient and reasonable for counsel to perform [arguably non-legal] tasks"). In this case, "[i]t may well have been more economical and efficient for Elderberry's attorneys to handle [certain scheduling] issues, rather than delegate them to an administrative assistant." Accordingly, I find that the 2.6 "ministerial" hours to which Defendants object are reasonable and compensable, and the objection is overruled.

### D. Defendants' Objection to Excessive and Duplicative Billing

The Supreme Court has stated that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). However, "there is nothing inherently unreasonable about a client having multiple attorneys," particularly in a complex civil case. *McAfee v. Boczar*, 906 F. Supp. 2d 484, 501 (E.D. Va. 2012) *vacated and remanded on other grounds*, 738 F.3d 81 (4th Cir. 2013) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988)) (internal quotation marks omitted)). Reduction of hours is not warranted simply because a client has multiple attorneys. Instead, reduction is only proper if there is an unreasonable duplication of labor by the attorneys. *See Project Vote*, 887 F. Supp. 2d at 714. Here, given the good faith effort to divide labor between the attorneys for Plaintiff, the

complexity of the case, and the dual forums in Georgia and Virginia, I find that no reduction is warranted for the use of multiple attorneys.

### E. Defendants' Objection to the Recovery of Fees in the Georgia Action

Neither the Declaratory Judgment Act nor the Guaranty provide for the recovery of attorney's fees. *See* 28 U.S.C. § 2201; *Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). Therefore, any attorney's fees associated with the Georgia Action would have to be recovered under the Lease, which allows the landlord to recover reasonable fees for "instituting, prosecuting, or defending any action to enforce or protect the Lessor's rights hereunder." Defendants have consistently argued that "[t]he Georgia Action involved adjudicating whether the alleged guaranty was valid and did not involve curing any breach of the Lease," and therefore have claimed that "attorney's fees expended in a declaratory action to determine the enforceability of a provision of the Lease (or the alleged guaranty) are not recoverable." However, the real inquiry, as correctly framed by the Magistrate Judge, is somewhat broader, asking "whether Elderberry's defense of the Georgia Action and the effort by Mariner to avoid exposure under the Guaranty was an action 'to enforce or protect its rights under the Lease.'"

In interpreting a lease, courts to look to the plain meaning of its language and give that language its intended effect. *See Chawla v. BurgerBusters, Inc.*, 499 S.E.2d 829, 831 (Va. 1998); *Marriott Corp. v. Combined Props., Ltd. P'ship*, 391 S.E.2d 313, 316 (Va. 1990). Here, "[t]he plain language of the Lease Amendment manifests the parties' intent that the assignment provision was conditional upon the execution of the Guaranty by Mariner, making the Guaranty a bargained-for right under the Lease." The intent of the parties can also be clearly seen in their actions. I remarked in the Findings of Fact in my September 6, 2013 Memorandum Opinion in this case that "Gentry [an officer of Mariner] and Christian [the manager of Elderberry] . . .

[9]

conducted negotiations regarding the terms of the Lease Amendment, including provisions addressing assignment of the Lease and a guaranty by Mariner," and further observed that "Christian testified at trial that having the guaranty provision in the Lease Amendment was important to him in negotiating with Gentry." *Elderberry*, 971 F. Supp. 2d at 580.

Elderberry thus clearly bargained for the existence of the Guaranty. Because the Georgia Action involved a challenge to the validity of that Guaranty, Elderberry was required to defend the Georgia action to 'enforce or protect' one of its rights under the Lease. Accordingly, I find that Plaintiff is entitled under the plain language of the Lease to recover the fees incurred in the Georgia Action. *Cf. Double K Properties, LLC v. Aaron Rents, Inc.*, 2003 U.S. Dist. LEXIS 20441, at *6–7 (W.D. Va. 2003) (reaching a similar conclusion and stating that a comparable "provision's language . . . plainly includes this dispute, as the action would not have existed were it not for the assignability provisions of the Lease").

### F. Defendants' Objection to the Recovery of Certain Costs

Unless a specific provision in an agreement says otherwise, "[t]axable costs are limited to relatively minor, incidental expenses as is evident from [28 U.S.C. § 1920], which lists such items as clerk fees, court reporter fees, expenses from printing and witnesses, expenses for exemplification and copies, docket fees, and compensation for court-appointed experts." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). In this case, however, the Lease allowed Elderberry to recover "reasonable attorneys' fees and '*any* expenses.'" (Emphasis added.) Under clear Virginia precedent, Plaintiff can therefore recover reasonable costs and expenses associated with this case. *See W. Square, L.L.C. v. Commc'n Technologies, Inc.*, 649 S.E.2d 698, 703 (Va. 2007) (holding that a prevailing party was entitled pursuant to the Costs

and Attorney's Fees clause of a lease to "'*all* expenses and court costs' in connection with '*any* litigation between the parties arising out of the lease.'"). (Emphasis added.)

However, a prevailing party entitled to costs and expenses still has "'the burden to establish to a reasonable degree of specificity' those costs and expenses associated with [a] lease dispute." *W. Square, L.L.C.*, 649 S.E.2d at 703–04 (quoting *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 50 (Va. 2006)); *see also Adkins v. Crown Auto, Inc.*, 2005 U.S. Dist. LEXIS 43459 (W.D. Va. 2005) (finding that an itemized list of copies that included the date, the documents copied, the number of copies made per day, and the charges per copy provided sufficient documentation to support recovery of copying charges). In this case, the Spilman firm's monthly invoices do not provide the price per copy and/or number of copies made, making it impossible to determine, "to a reasonable degree of specificity," the reasonableness of Plaintiff's copying charges. *Ulloa*, 624 S.E.2d at 50. I therefore find that a reduction in the amount awarded for copying charges is warranted, and concur with the Magistrate Judge that allowing for copying of 35,000 pages, at a cost of ten centers per page, is adequate. Accordingly, after a de novo review of the evidence, I find that a reduction of $3,814.25 takes into account the lack of specificity in the Spilman firm's monthly invoices, and that a total expenses award of $15,867.32 is therefore reasonable.

### IV. CONCLUSION

I have reviewed the record, considered the objections filed by Defendants and the arguments made by Plaintiff in response, reviewed the R&R for clear error, and made de novo findings on any portions of the R&R to which the parties objected. For the reasons stated above, I hereby adopt and approve in full the findings and recommendations set forth in the Reports and Recommendation of the United States Magistrate Judge, and grant in part Plaintiff's Motion for Attorneys' Fees. An appropriate order follows.

Entered this __11th__ day of August, 2014.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

[12]